UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD ALTON RUGGLES,

                 Petitioner,                  Case Number 2:08-CV-14706
                                                       Honorable Lawrence P. Zatkoff

v.

MICHIGAN DEPARTMENT OF CORRECTIONS,

                 Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

       This matter is before the Court on Petitioner Edward Alton Ruggle's petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. Petitioner is serving a term of parole from his 76-to-200 month sentence and is currently residing at his home in Citra, Florida.[1] His petition challenges his Jackson Circuit Court conviction for second-degree criminal sexual conduct. MICH. COMP. LAWS 750.520(C)(1)(a). For the reasons that follow, the Court denies the petition.

### I. Facts and Procedural History

       Petitioner's conviction arises from the sexual assault of two children in Jackson County, Michigan. At his jury trial, B.W. and her stepbrother, D.S., testified that Petitioner photographed the two of them having sexual intercourse. At the time of the incident, D.S. was about fourteen years old, and B.W. was about eleven years old. D.S. testified that he also photographed Petitioner

---

[1] When petitioner filed his petition for a writ of habeas corpus, he was incarcerated at the West Shoreline Correctional Facility, but he has since been placed on parole. The proper respondent in a habeas case brought by a petitioner on parole status is the Michigan Department of Corrections. *See* Notes to Rule 2(b), 28 U.S.C. § 2254. Therefore, the Court substitutes the Michigan Department of Corrections as the Respondent in the caption.

and B.W. having sexual intercourse.

Michigan State Police Trooper David Stamler testified that both B.W. and D.S. told him that Petitioner had sexually abused them. Petitioner admitted to Stamler that he took naked photographs of the children but said he destroyed them the next day. He also admitted that he allowed B.W. to touch his penis for "educational purposes."

Petitioner testified in his own defense. He admitted that he took naked photographs of the children. He also testified that B.W. rubbed his leg and then slid her hand under his shorts, telling him that she wanted to "feel a big one."

The jury found Petitioner guilty of second-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520b(c)(1)(a). Subsequently, the trial court sentenced Petitioner as a fourth habitual felony offender to 76-to-200 months.

Petitioner appealed by right to the Michigan Court of Appeals. His appellate brief raised three claims:

> I. The trial court plainly erred in instructing on second-degree criminal sexual conduct, which is not a lesser included offense of first-degree criminal sexual conduct. Defendant's conviction and sentence must be vacated, and defendant must be discharged from custody.
>
> II. Trial counsel ineffectively failed to object to prior consistent statements of complainant B.W. and her brother, which were introduced in violation of Michigan's evidentiary rules and in derogation of defendant's right to due process.
>
> III. Defendant was charged as a habitual offender. The trial court pronounced a sentence of 76-200 months, but did not state that the sentence was enhanced. The judgment reflected that defendant was sentenced as a habitual, fourth-offender. The sentence enhancement was invalid and constituted double jeopardy, and must be stricken.

The Michigan Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion. *People v. Ruggles*, 2004 Mich. App. LEXIS 2354 (Mich. Ct. App. Sept. 14,

2004).  Petitioner filed an application for leave to appeal this decision, but it was denied by the

Michigan Supreme Court. *People v. Ruggles*, 472 Mich. 937, 698 N.W.2d 397 (2005).

Petitioner then filed a motion for relief from judgment in the trial court, raising six claims:

I.  Mr. Ruggles' conviction for sexual touching is based entirely on his alleged confession and thus violates the corpus delicti rule.

II.  Mr. Ruggles was denied due process and the effective assistance of counsel when his attorney failed to object to a second-degree criminal sexual conduct conviction that was based on testimony that was both admitted in violation of the corpus delicti rule and irrelevant to the principle charge.

III.  Mr. Ruggles was denied the effective assistance of counsel when his attorney failed to demand a "specific unanimity" instruction and instead waived this claim, especially where Mr. Ruggles raised separate defenses to the separate claims that he touched B.W.'s genitalia or allowed her to touch his penis.

IV.  Mr. Ruggles was denied the effective assistance of counsel when, before the proofs had even begun, his attorney requested that the jury be allowed to consider second-degree criminal sexual conduct, even though established law did not allow the jury to consider that cognate offense and even though the evidence supporting that added offense was irrelevant and inadmissible on the principle charge and even though Mr. Ruggles' defense to that added offense was totally separate in substance and nature from the defense he raised to the principle charge.

V.  Mr. Ruggles was denied federal due process when his jury was instructed on the jury verdict form and also specifically by the court that it could mark only one box on this form but, instaead of offering a general verdict of not guilty to all charges, the form offered a choice of guilty or not guilty to first-degree criminal sexual conduct and guilty or not guilty as to second-degree criminal sexual conduct; thus, the only way to acquit Mr. Ruggles of both charges was to disobey the court's verbal and written instruction to mark only one box.

VI.  The ineffective assistance of appellate counsel establishes good cause under Michigan Court Rule 6.508(D)(3)(A) for failing to bring the above issues in Mr. Ruggles' direct appeal.

The trial court denied Petitioner's motion.  Petitioner appealed this decision through the state

appellate courts, but leave to appeal was denied under Michigan Court Rule 6.508(d).  *People v.*

*Ruggles*, No. 281682 (Mich. Ct. App. May 13, 2008); *People v. Ruggles*, 482 Mich. 1031, 769

N.W.2d 196, 2008 Mich. LEXIS 2086 (2008).

Petitioner then filed the instant habeas petition, raising all nine claims that he presented to the state courts on direct appeal and post-conviction review.

### III. Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for

-4-

evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010)((*quoting Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, No. 2011 WL 148587, * 11 (U.S. 2011)(*citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (*citing Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*  "[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. 770.

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.*  Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)).  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." 131 S.Ct. at 786-787.

## IV. Analysis

### A. Second-Degree Criminal Sexual Conduct Jury Instruction - Claims 1 and 7

Petitioner's first claim asserts that the trial court erred in instructing the jury on the lesser offense of second-degree criminal sexual conduct, and his seventh claim asserts that his trial attorney provided ineffective assistance of counsel by requesting this lesser-offense instruction.

The Michigan Court of Appeals rejected Petitioner's first claim by finding that trial counsel's decision to request the instruction waived any error:

> On appeal, defendant first argues that the court erred in instructing the jury on the cognate offense of second-degree criminal sexual conduct when he was charged with first-degree criminal sexual conduct. However, defendant requested that the jury receive the instruction. He cannot now argue on appeal that the trial court erred in granting his request. *People v. Piotrowski*, 211 Mich. App. 527, 530; 536 N.W.2d 293 (1995).

*Ruggles, supra*, at *1.

This decision rests on an independent and adequate state-law ground that bars habeas review. Under Michigan law, where a defendant's attorney requests that the court take a certain action, a claim of error arising from that action is waived for appellate review. *See People v. Carter*, 462 Mich. 206, 219, 612 N.W.2d 144 (2000). Because the Michigan Court of Appeals found that review of Petitioner's first claim was waived by his counsel's request for the lesser-offense instruction, the claim that the instruction was erroneous is procedurally defaulted. *See McKissic v. Birkett*, 200 Fed. Appx. 463, 471 (6th Cir. 2006).

When the state court relies on a state procedural bar, federal habeas review is barred unless the petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged

-6-

constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice". *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *See also Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 860 (E.D. Mich. 2009). If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). In an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In this case, Petitioner's seventh claim - that his trial counsel was ineffective for requesting the jury instruction - essentially asserts a "cause" argument to excuse the procedural default of his first habeas claim. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply

-7-

reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citation and quotation marks omitted).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. To prevail a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

"Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*,   U.S.  , 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. . . . When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard. *Harrington*, 131 S. Ct. at 788.

When the trial court denied Petitioner's motion for relief from judgment, it concluded that trial counsel's decision to request the second-degree criminal sexual conduct instruction was the result of reasonable trial strategy. There was testimony presented at trial that, if believed, supported the charge of first-degree criminal sexual conduct. And as the trial court noted, Petitioner would have faced a possible life sentence if he had been convicted of that offense. Trial counsel's strategy was to argue to the jury that the testimony of the two victims was contradictory and should not be believed. Perhaps in an effort to explain why the children would lie about the more serious

-8-

allegation, Petitioner admitted on the stand that he allowed the female victim to touch his penis. Defense counsel conceded during closing argument that Petitioner admitted to making this one mistake with B.W.  The strategy of avoiding a conviction to a greater offense by suggesting that the defendant admitted guilt to a lesser offense was a reasonable one in the context of this case. Petitioner's counsel was not ineffective for requesting the lesser-offense instruction.

While another attorney may have proceeded differently, "[t]here are . . . 'countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way.'" *Harrington*, 131 S. Ct. at 788-89 (citation omitted). Competent counsel need not be "a flawless strategist or tactician" and "an attorney may not be faulted for a reasonable miscalculation." Id. at 791.

Accordingly, Petitioner's first claim is barred from review, and he has not demonstrated that his counsel was ineffective to excuse the default.

## B.  Prior Statements of Victims - Claim 2

Petitioner's second claim asserts that his trial counsel was ineffective for failing to object to the introduction of prior consistent statements made by the victims.  The Michigan Court of Appeals rejected this claim on the merits:

> Defendant also asserts that he was denied the effective assistance of counsel when his trial attorney failed to object to evidence of prior consistent statements.  To establish ineffective assistance of counsel, defendant must show that counsel's performance was below an objective standard of reasonableness under prevailing professional norms and that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *People v. Pickens*, 446 Mich. 298; 521 N.W.2d 797 (1994).
>
> Defense counsel made effective use of the inconsistencies between the earlier statements and the testimony of the two children, and obtained an acquittal of the first-degree criminal sexual conduct charge.  Where defendant admitted that complainant touched his penis and that he took photographs of complainant and her

brother while they were naked, it is highly unlikely that the outcome of the trial would have been different had the evidence of prior statements been excluded.

*Ruggles, supra*, at *1-2.

This decision did not involve an unreasonable application of the *Strickland* standard. The first-degree criminal sexual assault charges involved the victims' testimony that Petitioner engaged in sex acts with the female victim while the male victim took photographs. Defense counsel challenged this testimony, in part, by cross-examining the victims with their prior statements. The strategy proved to be effective, as Petitioner was acquitted of first-degree criminal sexual conduct. His conviction for second-degree criminal sexual conduct did not involve the use of these statements but was based on Petitioner's own admission to the police and then his trial testimony that he allowed the female victim to touch his penis. In light of this record evidence, the state appellate court's rejection of this claim was not unreasonable.

### C. Habitual Offender Sentence - Claim 3

Petitioner's third claim asserts that his rights under the Double Jeopardy Clause were violated at sentencing. Petitioner asserts that the verbal sentence imposed by the trial court did not mention that he was being sentenced as an habitual offender. When the sentence was reduced to writing, Petitioner claims it was enhanced in violation of the Double Jeopardy Clause because it included the habitual offender designation. Petitioner states that his designation as an habitual offender is significant because it decreased the likelihood that he would be placed on parole. The claim was rendered moot when Petitioner was paroled.

A case is moot and outside the Court's jurisdiction if "events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). Mootness is a jurisdictional issue which may be raised by the Court sua

sponte. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

Where, as here, a petitioner is no longer in custody, his habeas petition will be moot unless he shows some "concrete and continuing injury other than the now-ended incarceration," that is, some "collateral consequence" arising from the detention. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Ordinarily, a habeas petition challenging a criminal conviction will not be moot, because the criminal conviction almost always carries continuing collateral consequences. This is the case with respect to Petitioner's claims that challenge the legality of his conviction. Among other things, the fact of Petitioner's conviction resulted in a host of civil disabilities. *See Carafas v. LaVallee*, 391 U.S. 234, 237-238 (1968).

But where a petitioner has been placed on parole, and some of his claims only challenge the calculation of his parole date, there are no continuing collateral consequences that could be redressed by a favorable disposition of those claims. *See Lane v. Williams*, 455 U.S. 624, 631 (1982). This is the case with respect to Petitioner's third claim. Petitioner's third claim asserts that his eligibility for parole was adversely affected by his designation as an habitual offender. But Petitioner has since been paroled, and the claim has therefore been mooted. The Court will deny Petitioner's third habeas claim on that basis.

### D. Copus Delicti Rule - Claims 4 and 5

Petitioner's fourth and fifth claims assert that his conviction was obtained in violation of Michgian's corpus delicti rule. However, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). The corpus delicti rule is not constitutionally mandated, and thus any violation of a state law corpus delicti rule is not cognizable on habeas review. *See Evans v. Luebbers*, 371 F.3d 438, 442-43 & n.3 (8th Cir. 2004); *Lucas v. Johnson*, 132

F.3d 1069, 1078 (5th Cir. 1998);  *Emerson v. Smith*, No. 00-CV-73044, 2001 U.S. Dist. LEXIS 6764, 2001 WL 561212, at *12 (E.D. Mich. Apr. 13, 2001) (Borman, J.).  Accordingly, the finding by the state court that Michigan's corpus delicti rule was not violated is binding on this Court and cannot form the basis for granting habeas relief.

### E. Special Unanimity Instruction and Verdict Form - Claims 6, 8, and 9

Petitioner's sixth claim asserts that his counsel was ineffective for failing to request a jury instruction requiring the jury to agree on the same theory before returning a guilty verdict. Petitioner's eighth claim asserts that his due process rights were violated by the wording of the verdict form.  Respondent asserts that review of these claims is procedurally barred.

A federal court may not grant habeas relief on a claim where adequate and independent state law grounds support the state court's rejection of the claim.  *Edwards v. Carpenter*, 529 U.S. 446, 454 (2000) (Breyer, concurring).  Where a state court declines to pass on a federal claim because the claim was not presented in the manner prescribed by the state's procedural rules, a federal court may review the claim under certain, highly limited, circumstances.  "Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley*, 541 U.S. 386, 388 (2004).

Petitioner's sixth and eighth claims were first presented to the state courts in his motion for relief from judgment.  Unlike the other claims raised in this motion, which the trial court denied on the merits, the trial court denied these claims under Michigan Court Rule 6.508(D)(3)(b)(i) because Petitioner had not demonstrated that he suffered actual prejudice:

> Counsel, at this juncture, also asserts that trial counsel should have required a "specific unanimity" instruction with regard to each of the charges.  There is no

reasonable basis to believe that such a request would have resulted in an acquittal on both charges. It is necessary that the defendant must be able to show a "reasonably likely chance of acquittal," per MICH. CT. R. 6.508(D)(3)(b)(i). It is mere speculation at this juncture to indicate that there was a chance of an acquittal on both charges had there been such a unanimity request made. Going on, the verdict form did not require the jury to find the defendant guilty of one of the two charges. The only question by the jury was with regard to whether the charge of second-degree criminal sexual conduct acquitted him of the first-degree charge. If anything, it shows the hesitation on the part of the jury not to find him guilty of first-degree criminal sexual conduct. There is certainly no basis to indicate that the jury in any way wished to acquit him of both charges.

Order Denying Motion for Relief From Judgment, at 2.

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." MICH. CT. R. 6.508(D)(3)(b)(i).

Following the trial court's denial of his motion on the grounds stated above, both Michigan appellate courts denied relief by issuing form orders citing the petitioner's "failure to demonstrate entitlement to relief under MICH. CT. R. 6.508(D)." The Sixth Circuit has recently held that "[b]rief orders citing Michigan Court Rule 6.508(D) are not explained orders invoking a procedural bar." *Guilmette v. Howes*, 624 F.3d 286, 289-90 (6th Cir. 2010) (en banc). Therefore, this Court must "look through" the unexplained orders of the Michigan appellate courts to the decision of the state trial court to determine the basis for the denial of state post-conviction relief. *Id*. at 291.

Here, the state trial court explicitly and unambiguously relied on Michigan Court Rule 6.508(D)(3)(b)(i) in determining that the petitioner failed to establish actual prejudice. Under these

circumstances, this claim is procedurally defaulted. *See Ivory v. Jackson*, 509 F. 3d 284, 292-93 (6th Cir. 2007); *see also Howard v. Bouchard*, 405 F. 3d 459, 477 (6th Cir. 2005).

In an effort to demonstrate cause to excuse the default, Petitioner asserts in his ninth claim that his appellate counsel was ineffective for failing to raise these two claims during his appeal of right. The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). The Court further stated:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id*. at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

Appellate counsel was not ineffective for failing to raise the present claims in addition to the claims he did raise during Petitioner's appeal of right - claims that Petitioner still contends have merit. This is particularly true because the omitted claims have dubious merit. The United States Supreme Court has held that the Fourteenth Amendment does not mandate unanimous jury verdicts for convictions in non-capital criminal prosecutions in state courts. *Johnson v. Louisiana*, 406 U.S. 356 (1972); *Apodaca v. Oregon*, 406 U.S. 404 (1972). In *Schad v. Arizona*, 501 U.S. 624, 630 (1991), the Supreme Court found that a case could be submitted to the jury on alternative theories, and that a jury need not agree on "which overt act, among several, was the means by which a crime was committed."

With respect to the verdict form, so long as the jury is instructed on the presumption of

-14-

innocence and the prosecutor's burden of proof, a trial judge's instruction to jurors on the order of deliberations does not violate the presumption of innocence or coerce a verdict. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 862-63 (E.D. Mich. 2003). Here, the trial court accurately instructed the jury on the presumption of innocence and the prosecutor's burden of proof. Given these correct instructions, there is no reason to believe that the jury would have thought that it was required to find Petitioner guilty of second-degree criminal sexual conduct if it found him not guilty of first-degree criminal sexual conduct because they were instructed to check only one box on the form. Had the jury decided to acquit Petitioner of all charges, it could have checked one of the two boxes on the form indicting "not guilty."

Therefore, Petitioner has not demonstrate that his appellate counsel was ineffective for failing to raise these claims. Because Petitioner has not demonstrate cause to excuse the procedural default of these claim, they cannot form a basis for granting habeas relief.

### V. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits

-15-

review, but must limit its examination to a threshold inquiry into the underlying merit of the claims.

*Id*. at 336-37.  The Court concludes that a certificate of appealability is not warranted in this case

because reasonable jurists could not debate the Court's assessment of Petitioner's claims.

**VI. Conclusion**

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is

DENIED and the matter is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  May 12, 2011


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record
by electronic or U.S. mail on May 12, 2011.


s/Marie E. Verlinde
Case Manager
(810) 984-3290

-16-
